*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* C. A. MILSTEAD, Minor.

UNPUBLISHED
June 9, 2022

Nos. 358083; 358084
Wayne Circuit Court
Family Division
LC No. 2018-001712-NA

Before: CAMERON, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

In this consolidated appeal, respondents appeal the trial court's order terminating their parental rights to their minor child under MCL 712A.19b(3)(c)(*i*) (the conditions that led to adjudication continue to exist), (c)(*ii*) (other conditions exist that cause the child to come within the court's jurisdiction), (g) (parent is unable to provide proper care and custody), and (j) (the child is reasonably likely to be harmed if returned to the parent's home). We affirm in both dockets.

## I. BACKGROUND

This matter began when a petition was filed in October 2018. In relevant part, the petition alleged that the minor child had tested positive for cocaine at birth, that respondents had issues with substance abuse, and that respondent-mother had untreated mental health issues. It was requested that the trial court authorize the petition, remove the child from respondents' care and custody, and exercise jurisdiction. After a preliminary hearing, the trial court authorized the petition and placed the child with his paternal aunt. The Department of Health and Human Services (DHHS) was given discretion as to whether to provide respondents with supervised or unsupervised parenting time.

In November 2018, respondents pleaded to several allegations in the petition. The trial court exercised jurisdiction and ordered that reasonable efforts toward reunification be made. The initial dispositional hearing was held in December 2018. Respondents were ordered to comply with the case service plan, which required them to submit to psychological and substance abuse assessments and to comply with and benefit from (1) parenting classes, (2) Infant Mental Health services, (3) mental health therapy, and (4) services to address substance abuse, including submitting to random drug screenings. Respondents were also ordered to maintain stable housing and a legal source of income and to attend visitations with the minor child.

Respondents' progress was poor, and they had difficulty maintaining sobriety and consistently attending visitation with the minor child. In August 2020, petitioner filed a supplemental petition for termination. Following a termination hearing that was held over the course of several days in May and June 2021,[1] the trial court found that grounds for termination were established under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j), and that termination of respondents' parental rights was in the minor child's best interests. In so concluding, the trial court considered the fact that the minor child was placed with a relative. This appeal followed.

## II. STATUTORY GROUNDS

Respondents argue that the trial court clearly erred by finding clear and convincing evidence supporting the statutory grounds cited in support of termination.[2] We find no clear error warranting reversal.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). "We review the trial court's determination for clear error." *Id.* "A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made," with the reviewing court "defer[ring] to the special ability of the trial court to judge the credibility of witnesses." *In re LaFrance*, 306 Mich App 713, 723; 858 NW2d 143 (2014).

We conclude that the trial court did not clearly err by finding that termination of respondents' parental rights was proper under MCL 712A.19b(3)(c)(*i*), which provides the following:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

This Court has previously held that termination was proper under (c)(*i*) where "the totality of the evidence amply support[ed] that [the respondent] had not accomplished any meaningful change in the conditions" that led to adjudication. See *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009).

In this case, at the time of termination, "182 or more days" had "elapsed since the issuance of [the] initial dispositional order" with respect to respondents. See MCL 712A.19b(3)(c).

---

[1] The termination hearing was adjourned several times because of the COVID-19 pandemic.

[2] To the extent that respondent-mother does not directly challenge the statutory grounds for termination, we address this issue for purposes of completeness.

Furthermore, the record establishes that respondents had not accomplished any meaningful change in the condition that led to adjudication, i.e., substance abuse. See MCL 712A.19b(3)(c)(*i*).

At the beginning of the proceeding, respondents were abusing illegal substances, including cocaine. They were ordered to participate in random drug screenings and to participate in substance abuse counseling. Although respondents participated in substance abuse counseling, the caseworker did not believe that they had benefitted. Indeed, respondents both tested positive for illegal substances during the lengthy proceeding and missed a myriad of screenings. Importantly, respondents continued to test positive for substances after the termination petition was filed.[3] Thus, the totality of the evidence amply supports that respondents had not accomplished any meaningful change in the condition that led to adjudication despite being offered services. See *In re Williams*, 286 Mich App at 272.

Furthermore, the record does not support that respondents would be able to rectify their issues with substance abuse within a reasonable time considering the minor child's age. See MCL 712A.19b(3)(c)(*i*). Respondents were either unable or unwilling to maintain sobriety during the lengthy proceeding and at times refused to acknowledge that they had tested positive for substances. At the time of termination, the minor child was four years old and had spent a majority of his life in the care of his paternal aunt. The minor child desperately required permanency and stability and could not wait an indefinite amount of time for respondents to improve. See, e.g., *In re Dahms*, 187 Mich App 644, 647-648; 468 NW2d 315 (1991) (holding that, because the Legislature did not intend for children to be left in foster care indefinitely, it is proper to focus on how long it will take a respondent to improve and on how long the involved children can wait). We therefore conclude that the trial court's finding that termination of respondents' parental rights was proper under MCL 712A.19b(3)(c)(*i*) was not clearly erroneous. Because termination was proper under (c)(*i*), this Court need not specifically consider the additional grounds upon which the trial court based its decision. See *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009). Nonetheless, to the extent that we have considered them, we conclude that termination was also appropriate under MCL 712A.19b(3)(g) and (j).

III. BEST INTERESTS

Respondents next argue that the trial court improperly concluded that termination of their parental rights was in the minor child's best interests. We disagree.

"The trial court must order the parent's rights terminated if the Department has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). We review the trial court's best-interest determination for clear error. *Id*.

This Court focuses on *the child*—not the parents—when reviewing best interests. *In re Trejo*, 462 Mich 341, 356; 612 NW2d 407 (2000). "In making its best-interest determination, the

---

[3] Although respondents contested the validity of the drug testing performed by certain entities, they do not present this argument on appeal in a meaningful manner.

trial court may consider the whole record, including evidence introduced by any party." *In re Medina*, 317 Mich App 219, 237; 894 NW2d 653 (2016) (quotation marks and citation omitted).

> [T]he court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App at 713-714 (quotation marks and citation omitted).]

Although respondents argue that the minor child is bonded to them, the record establishes that the bond is not healthy for the child. Respondents were inconsistent with attending visitation at times, and they missed 20 of 50 parenting times between February 2020 through June 2020. Respondent-mother appeared to be intoxicated during some of the visitations. Respondent-father would sometimes fail to interact with the minor child during parenting times and would sometimes have angry "outbursts" in the presence of the child. At times, the child would indicate that he did not want to attend visitations with respondents and would hide from them during visits. Additionally, the minor child displayed significant "behavioral issues," "anger issues," and "regression issues" after he attended parenting time with respondents. The minor child's therapist believed that the behaviors were "connected to visitations" and opined that the child did not have healthy attachments to respondents. See *In re CR*, 250 Mich App 185, 197; 646 NW2d 506 (2002), overruled on other grounds by *In re Sanders*, 495 Mich 394 (2014) (holding that the fact that there was a "serious dispute" on the record concerning whether the respondent "had a healthy bond of any sort with her children" supported that termination of her parental rights was in the children's best interests).

Additionally, the parent-child bond is only one factor for the trial court to consider. *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). As discussed above, respondents failed to address their issues with substance abuse despite being provided with services. Respondents also demonstrated a lack of commitment and an inability to provide stability and permanency to the minor child. As a result, respondents were never permitted to have unsupervised parenting time. Meanwhile, the child was doing well in his placement with his paternal aunt, where his needs were being addressed and where he had the opportunity to obtain permanency. Importantly, the minor child had been placed with his paternal aunt for a majority of his life, and it was "truly the only home he. . . [had] ever known." The aunt testified that the minor child was "very comfortable" with her and her husband and that they treated the minor child "like [their] own child." Evidence supports that the child was bonded to his aunt and looked to her for reassurance and comfort.

Although respondents argue on appeal that the trial court should have concluded that a guardianship was the appropriate permanency planning goal, the record supports that this would not have been in the minor child's best interests. Indeed, the child's aunt preferred adoption and, as already stated, the minor child desperately required permanency. For these reasons, we

-4-

conclude that the trial court did not clearly err by finding that termination of respondents' parental rights was in the child's best interests.

Affirmed in both dockets.

/s/ Thomas C. Cameron
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle